# Exhibit E

# State of California, County of San Francisco, SEARCH WARRANT and AFFIDAVIT
## (AFFIDAVIT)

I, **Sgt. Alicia Castillo #1999**, swear under oath and penalty of perjury that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

_(Signature of Affiant)_

HOBBS SEALING REQUESTED: ☐ YES ☒ NO
NIGHT SEARCH REQUESTED: ☐ YES ☒ NO

### (SEARCH WARRANT)

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER OR PEACE OFFICER IN THE COUNTY OF SAN FRANCISCO; proof by affidavit, under penalty of perjury, having been made before me by **Sgt. Alicia Castillo #1999**, that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 et seq., as indicated below by "☒"(s), in that:

☐ It was stolen or embezzled – [1524(a)(1) PC];

☒ It was used as the means of committing a felony – [1524(a)(2) PC];

☒ It is possessed by a person with the intent to use it as a means of committing a public offense or it is possessed by another to whom he or she may have delivered it to for the purpose of concealing it or preventing its discovery – [1524(a)(3) PC];

☒ It tends to show that a felony has been committed or that a particular person has committed a felony – [1524(a)(4) PC];

☒ It tends to show that sexual exploitation of a child, in violation of PC Section 311.3, of possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of section 311.11, has occurred or is occurring – [1524(a)(5) PC];

☐ an arrest warrant is outstanding for the person to be seized – [1524(a)(6) PC]

☐ a Child Protective Custody Warrant is outstanding for the person to be seized - [1524(a)(6) PC and Family Code 3134.5];

☒ a provider of "electronic communication service" or "remote computing service", as defined in Penal code Section 1524.2(a) (including "California corporations" defined as any corporation or other entity that is subject to Section 102 of the Corporations Code and "Foreign corporations" defined as any corporation that is qualified to do business in this state pursuant to Section 2105 of the Corporations Code), has records or evidence regarding a subscriber or customer which (1) is of a type specified in Penal Code Section 1524.3 (i.e. the subscriber/customer's name, address, telephone number or other subscriber number or identity; the types of services the subscriber/customer utilized; the length of time the person has been a subscriber/customer of that service; and the local and long distance telephone toll billing records); and (2) which records or evidence shows that property was stolen or embezzled constituting a misdemeanor, or that property or things are in possession of any person with intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery – [1524(a)(7) PC];

**You are therefore COMMANDED to SEARCH:**

The residence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is described as multi-unit apartment building located on the north east corner of Mission and 9th Streets in San Francisco. The outside of the building is red brick and consists of three (3) stories. The numbers

1

"█████" are affixed to a glass surface above the front door of the building. The front door to ██████ is located on the 3rd floor of the building. The gold colored numbers "301" are affixed to the left side of the front door of the unit which is maroon in color.

The person of: **Ramon Cofield, DOB:** ████████, **SF# 592096,**
**Any vehicles registered to Ramon Cofield,**
**Any resident present at the execution of the search warrant;**

For the FOLLOWING PROPERTY or PERSON(s):
All evidence of possession of and/or distribution of child pornography, as well as any communication and evidence of child exploitation through child molestation, child pornography, and/or child prostitution, including the following:

1. All fixed or portable computer systems with the capacity for storing and maintaining data containing images or reproductions depicting nudity and/or sexual activities of juveniles. All computers and computer systems including (but not limited to) mobile/tablet devices, central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy drive and diskettes, tape drives, optical storage devices, and any other device capable of storing data, as well as peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as modems, together with system documentation, operating logs and documentation software and instruction manuals. Any fixed or portable computer systems which may contain digital records of communications between the suspect(s), and individuals who have similar sexual interests, including but not limited to the contents of internet chats, emails, and their corresponding internet IP addresses. All files which are either titled or un-titled. All electronic messages (e-mails) including IP Addresses (Internet Protocol) that are stored, received or transmitted. All instant messages (IM) that are stored received or transmitted. All documentations or other material(s), whether printed or handwritten, describing the operation of any computer system(s), computer hardware, software, or computer peripherals found on the premises, including instructions on how to access disks, files, or other material stored within same; including but not limited to computer manuals, printouts, passwords, file name lists, "read me" and "help" files.
2. All images of Child Pornography whether digital, .jpg, video or any other format including, but not limited to, any common or individual designed program designed to store such data. All images of Child Pornography that have been stored, received, transmitted or downloaded on to internal and external storage devices. All electronic data processing and storage devices.
3. Magazines, books, movies, videotapes, and photographs, or images or reproductions contained on a fixed or portable computer data storage system, depicting nudity and/or sexual activities of juveniles.
4. Any books, diaries, or other written or visual material describing, depicting or discussing sexual contact between adults and children, as well as collections of newspaper, magazine, and other publication

2

   clippings of juveniles which tend to demonstrate a particular sex or age preference of the suspect(s) including entries contained on a fixed or portable computer data storage system;
5. Magazines, newspapers, classified advertisements, and other publications or writings which contain names, addresses, and phone numbers of individuals who have similar sexual interests and which would tend to identify persons, adult and juvenile, who are involved with the suspect(s) including entries contained on a fixed or portable computer data storage system;
6. Camera equipment and video equipment intended for taking, producing, and reproducing of photographic images, including but not limited to: cameras, instant and otherwise; video production equipment, lenses enlargers, photographic papers, film, chemicals; computer scanners and printers;
7. Safe deposit keys, bank statements, billings, and checks, tending to show the location and identity of safe deposit boxes and storage facilities or any person involved in the sexual exploitation of children through child molestation, child pornography, and child prostitution, consisting of, but not limited to: file cabinets, mail envelopes, items of mail;
8. Any and all tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, tape systems and hard drive and other computer related operation equipment.
9. Any cloud storage applications found on any media devices.
10. Indicia of occupancy consisting of articles of personal property tending to establish the identity of the person or persons in control of the premises, including, but not limited to: rent receipts, canceled mail, keys, utility bills and photographs.

With respect to any computer devices, electronic devices or any other device capable of storing data, or other such items related to the operation of such devices found during the execution of this search warrant, an on-scene preliminary forensic computer examination of said items will be conducted by trained law enforcement personnel within a reasonable amount of time as to minimize the intrusion of the search.

With respect to any computer devices, electronic devices or any other device capable of storing data, or and other such items related to the operation of such devices found during the execution of this search warrant, such are to be removed to the offices of the San Francisco Police Department or other appropriate and secure law enforcement forensic computer examination facility with the necessary equipment to conduct the search safely and efficiently, where the search of the contents, including files, documents, data, data images, software, operating systems, deleted files, system configurations, dates and times, e-mails, and data in unallocated and slack space or otherwise present in any device capable of storing data will be conducted.

Seizure, transfer and search of any computer(s) systems and electronic storage devices above described is authorized per request of **AFFIANT** for purposes of conducting the above described search.

USRC000039

**It is further ordered:**

In the event that **Ramon Cofield, DOB:** ▮▮▮▮▮▮▮▮, **SF# 592096,** **;any resident present at the execution of the search warrant** decides not to voluntarily provide the passcode to any media device that has the capability to be opened/unlocked with a fingerprint, that he/she provide his/her finger, for his/her fingerprint, to utilize the biometric feature to unlock the media device or be forced, with minimal force, to provide his/her finger, for his/her fingerprint, to unlock the media device in order seize the aforementioned evidence sought.

It is known to me that media devices that have a fingerprint unlocking system, that if the media device is not unlocked in a span of several hours, the fingerprint locking system will be disabled, requiring the media device only to be able to be unlocked with a passcode.

All information obtained through the execution of the warrant that is unrelated to the objective of the warrant shall be sealed and not subject to further review, use, or disclosure without a court order.

**AND TO SEIZE AND EXAMINE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court. This **Search Warrant** and **Affidavit** and attached and incorporated **Statement of Probable Cause** were sworn to as true and subscribed before me on this _1st_ day of _May_, 2018 at _3:05_ A.M. / P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____
(Signature of Magistrate)

**HOBBS SEALING APPROVED:** ☐ YES ☒ NO
**NIGHT SEARCH APPROVED:** ☐ YES ☒ NO

Judge of the Superior Court of California, County of San Francisco, **Superior Dept #** _4/ 405_

4

## STATEMENT OF PROBABLE CAUSE

My name is Alicia Castillo. I am currently employed as a police officer in and for the City and County of San Francisco, California. I have been so employed for 16 years. I am currently assigned to the Investigations Bureau as an Inspector in the Special Victims Unit. My previous assignments include Inspector / Sergeant for the Park, Tenderloin and Mission Station Investigative Teams.

In my current assignment, my primary responsibility is to investigate allegations of child physical and sexual abuse and internet crimes against children. In connection with my duties and responsibilities as a law enforcement officer, I have also testified in state and federal judicial proceedings.

During my career, I have investigated and/or have been involved in the investigation of over a hundred domestic violence and child abuse cases. I have conducted interviews of victims and witnesses of domestic violence, sexual assault and child abuse.

I have received formal training at the San Francisco Police Academy in, and am familiar with, the investigation, processing of evidence, and identification techniques associated with domestic violence, sexual assault, and child physical and sexual abuse. In addition to the San Francisco Police Academy, I have completed the following:

- B.S. Business Administration and Communications – NDNU 1999
- Advanced Certificate Peace Officer Standards and Training Certificate
- Robert Presley Institute of Criminal Investigation (ICI) Course, 80 hour (POST)
- Child Abuse – Institute of Criminal Investigation (ICI) Course, 80 hour (POST)
- Search Warrant and Arrest Course (POST)
- Field Training Officer Course (POST)
- Hotel/Motel Enforcement Course (CNOA)
- Chasing Phones (CNOA)
- 11550 H&S Drug Influence Course (POST)
- Robbery Apprehension Team Basic Course (SFPD)
- Robbery Apprehension Team Advanced Course (SFPD)
- Reid Technique of Interviewing and Interrogation (DEA)
- Electronic Surveillance (Wiretap) Training Course (HIDTA)
- Freenet Network Investigations (USDOJ)
- Instructor Development Course (POST)

On 11/30/17, I was assigned SFPD Case #170965489 / CyberTip #25390444 that was reported by the National Center for Missing and Exploited Children (NCMEC) by Tumblr.

5

**Tumblr** (stylized on its home page as **tumblr.**) is a microblogging and social networking website founded by David Karp in 2007, and owned by Yahoo! since 2013. The service allows users to post multimedia and other content to a short-form blog. Users can follow other users' blogs. Bloggers can also make their blogs private. For bloggers, many of the website's features are accessed from a "dashboard" interface.

Tumblr reported the following:

On 11/08/17 at 21:12:00 UTC a Tumblr with the user name **chaz2076** with the IP Address of **162.238.124.187** utilizing the email of ▊▊▊▊▊▊▊▊▊ uploaded the filename: **78180748604.jpg** to their Tumblr blog address of **chaz2076.tumblr.com** in early part of 2014, beginning in February.

I reviewed the image (filename: **78180748604.jpg**) and it is described as follows:

The image is of a fully nude female child between the approximate ages of 9-12. The female child is sitting upright on her buttocks with her legs spread exposing her breasts and vagina to the camera while her left hand rests behind her head and her right hand is on the ground supporting her seated position. The photograph appears to have been taken in an undisclosed, outside wooded area. The search warrant was signed by the Honorable Judge Stephen M. Murphy, SF Superior Court, Department 13, and I subsequently served Comcast the search warrant.

I conducted an online search for **chaz2076.tumblr.com** and discovered several archived images of nude underage teenage males exposing their genitals that appeared to have been uploaded to Tumblr by **chaz206** to another Tumblr user's blog in 2014.

On 12/04/17, I authored search warrants for Tumblr and Google Inc. to obtain subscriber information for **chaz2076.tumblr.com** and ▊▊▊▊▊▊▊▊▊▊▊▊▊. Both search warrants were reviewed and signed by Judge Edward Torpoco, Department 14 of the San Francisco Superior Court; and both entities were served their respective search warrants.

On 12/18/17, I received search warrant results from Google for ▊▊▊▊▊▊▊▊▊▊▊▊ which yielded phone number ▊▊▊▊▊▊▊ associated with account. I conducted an Accurint search of the phone number and confirmed the carrier is AT&T Wireless.

Further review of the Google results revealed recorded chats in the zip file titled **rxxcofield.Chats.zip/Chats.html.**

USRC000042

The chats appear to have occurred in Google's communication platform, Google Hangouts. Google Hangouts includes instant messaging, video chat, SMS and VOIP features. The DEFENDANT and Redacted who states he's 14 years old, engage in a sexually explicit conversation. The email belonging to Redacted and used in the chat exchange is Redacted @gmail.com.

The below listed chat is an excerpt from a chat beginning on 08-17-2015. The highlighted portions of the chat show that user ▮▮▮▮▮▮▮▮▮▮▮ learns that Redacted @gmail.com is underage (see below).

FOR THE PURPOSE OF THE CHRON, DEFENDANT'S RESPONSES ARE IN BOLD;

2015-08-17 05:20:52 Redacted @*gmail.com*: lets chat on here big daddy
2015-08-17 05:21:30 ▮▮▮▮▮▮▮▮▮▮▮: **Hey cutie**
2015-08-17 05:21:37 Redacted @*gmail.com*: hey daddy
2015-08-17 05:21:46 ▮▮▮▮▮▮▮▮▮▮▮: **How old r u baby**
2015-08-17 05:22:15 Redacted @*gmail.com*: 14
2015-08-17 05:22:22 Redacted @*gmail.com*: 15 in two weeks
2015-08-17 05:22:28 Redacted @*gmail.com*: please dont leave
2015-08-17 05:23:45 ▮▮▮▮▮▮▮▮▮▮▮ **No I won't**
2015-08-17 05:23:54 Redacted @*gmail.com*: thank you daddy
2015-08-17 05:23:56 ▮▮▮▮▮▮▮▮▮▮▮: **Young**
2015-08-17 05:24:10 Redacted @*gmail.com*: ☺
2015-08-17 05:24:11 ▮▮▮▮▮▮▮▮▮▮▮: **Let me see some face pics please baby**
2015-08-17 05:25:10 Redacted @*gmail.com*: hold on one second
2015-08-17 05:25:38 Redacted @*gmail.com*: you understand how careful we have to be right?
2015-08-17 05:25:46 Redacted @*gmail.com*: thats why i brought you here
2015-08-17 05:26:04 ▮▮▮▮▮▮▮▮▮▮▮: **Yes I do**
2015-08-17 05:26:13 Redacted @*gmail.com*: my name isnt john i used a fake name so you dont get in trouble

"John" sends several photos to DEFENDANT photos and the conversation continues:

2015-08-17 05:29:27 ▮▮▮▮▮▮▮▮▮▮▮: **Damn you're so fucking beautiful**
2015-08-17 05:29:37 Redacted @*gmail.com*: thanks daddy
2015-08-17 05:29:46 ▮▮▮▮▮▮▮▮▮▮▮: **Let's see some of your beautiful bush...I love pubic hair**
2015-08-17 05:30:21 Redacted @*gmail.com*: remember i shaved it
2015-08-17 05:30:28 Redacted @*gmail.com*: ill grow it out for you
2015-08-17 05:31:13 ▮▮▮▮▮▮▮▮▮▮▮: **K...do u have any pics before u shaved**

| Timestamp | Sender | Message |
|---|---|---|
| 2015-08-17 05:31:22 | [Redacted] | Hangout started, [Redacted]@c[Redacted] |
| 2015-08-17 05:31:52 | [Redacted]@gmail.com | cant video chat ;( |
| 2015-08-17 05:31:59 | [Redacted]@gmail.com | my parents areaound |
| 2015-08-17 05:32:05 | [Redacted]@gmail.com | are around* |
| 2015-08-17 05:32:17 | [Redacted] | Sorry that was a mistake |
| 2015-08-17 05:32:31 | [Redacted]@gmail.com | its fine |
| 2015-08-17 05:32:38 | [Redacted]@gmail.com | i can only voice call |
| 2015-08-17 05:32:43 | [Redacted] | Do you have any pics before u shaved |
| 2015-08-17 05:32:49 | [Redacted]@gmail.com | when im alone |
| 2015-08-17 05:32:52 | [Redacted]@gmail.com | no sorry |
| 2015-08-17 05:32:52 | [Redacted] | Hangout ended, duration: 90 seconds, [Redacted] |
| 2015-08-17 05:33:07 | [Redacted]@gmail.com | i tend to take pics when im freshly shaved |
| 2015-08-17 05:33:32 | [Redacted] | You're so fucking sweet |
| 2015-08-17 05:33:56 | [Redacted] | When was the last time u had sex |
| 2015-08-17 05:34:22 | [Redacted] | Everything about you |
| 2015-08-17 05:35:48 | [Redacted] | Where are u sweetie what city |
| 2015-08-17 05:36:41 | [Redacted]@gmail.com | a month ago |
| 2015-08-17 05:36:46 | [Redacted]@gmail.com | vallejo |
| 2015-08-17 05:37:01 | [Redacted] | Sweet, who was the guy |
| 2015-08-17 05:37:09 | [Redacted]@gmail.com | are you comfortable with hooking up? |
| 2015-08-17 05:37:26 | [Redacted]@gmail.com | a random guy i met on twitter |
| 2015-08-17 05:37:33 | [Redacted]@gmail.com | i mean grindr |
| 2015-08-17 05:37:36 | [Redacted]@gmail.com | lol |
| 2015-08-17 05:37:52 | [Redacted] | How old was he |
| 2015-08-17 05:38:15 | [Redacted]@gmail.com | 59 |
| 2015-08-17 05:38:31 | [Redacted] | Crazy |
| 2015-08-17 05:38:40 | [Redacted]@gmail.com | lol what? |
| 2015-08-17 05:38:41 | [Redacted] | Where r u cutie |
| 2015-08-17 05:38:48 | [Redacted]@gmail.com | at home |
| 2015-08-17 05:38:59 | [Redacted] | What city |
| 2015-08-17 05:39:45 | [Redacted]@gmail.com | vallejo |
| 2015-08-17 05:39:58 | [Redacted] | Cool...not to far |
| 2015-08-17 05:40:10 | [Redacted] | Let me see some more of your beautiful dick |
| 2015-08-17 05:40:46 | [Redacted]@gmail.com | send me some pics daddy |
| 2015-08-17 05:40:57 | [Redacted]@gmail.com | Can I have some of you ;) |
| 2015-08-17 05:41:06 | [Redacted] | Yeah baby |

Later in the chat, the DEFENDANT sends several photos to [Redacted] and the conversation continues:

8

```
2015-08-17 05:52:36 [Redacted]: What r u doing right now cutie
2015-08-17 05:54:31 [Redacted]@gmail.com: blushing over your pics
2015-08-17 05:54:42 [Redacted]@gmail.com: 😊😊😊
2015-08-17 05:55:10 [Redacted]: 😊😊😊
2015-08-17 05:55:20 [Redacted]: R u really 14
2015-08-17 05:56:00 [Redacted]@gmail.com: yeah
2015-08-17 05:56:20 [Redacted]@gmail.com: are you uncomfortable about it?
2015-08-17 05:56:50 [Redacted]: Yeah
2015-08-17 05:57:12 [Redacted]@gmail.com: (
2015-08-17 05:5[Redacted]: How old was u when you first had sex
2015-08-17 05:57:22 [Redacted]@gmail.com: 13
2015-08-17 05:57:36 [Redacted]@gmail.com: late 13's*
2015-08-17 05:57:45 [Redacted]: Sorry...I'm not uncomfortable
2015-08-17 05:58:01 [Redacted]@gmail.com: ?
2015-08-17 05:58:15 [Redacted]@gmail.com: you said you were, lol
2015-08-17 05:58:16 [Redacted]: I thank it's cool that you're 14
2015-08-17 05:58:34 [Redacted]@gmail.com: does it make you even harder 😊
2015-08-17 05:58:4[Redacted]: Miss read what you was saying
2015-08-17 05:59:05 [Redacted]: Yeah baby...
2015-08-17 05:59:32 [Redacted]@gmail.com: 😊
2015-08-17 05:59:44 [Redacted]: How old was the guy that was your first
2015-08-17 05:59:52 [Redacted]@gmail.com: 48
```

During the above listed conversation, [Redacted] proceeds to request photos and then accepts from and distributes several sexually explicit photographs to [Redacted]@gmail.com. [Redacted]@gmail.com is identifiable in several of the photographs and looks to be between the ages of 14-16 years old.. [Redacted] continues to ask [Redacted]@gmail.com for pornographic photographs and states that he could get into serious trouble for sharing his photos. Despite this declaration, [Redacted] asks [Redacted]@gmail.com to introduce him to various other young users with whom he can exchange pornographic photographs with.

I conducted a records check of the above listed phone number and found that it was associated with a Facebook page https://www.facebook.com/ramon.cofield

The Facebook profile user name displayed "Ramon Ray." This individual listed his employment as the "Regional Manager at Janico Building Services" and he currently resides in San Francisco but was from Virginia Beach, Virginia.

Sgt. Servat conducted a criminal history check for a "Ramon Cofield" through CLETS and advised me that a hit for Ramon Cofield, DOB [Redacted], SF#592096, is a convicted sex offender for 288(a)PC (SFPD CASE #031-034-139). Upon

further review of Cofield's criminal history results, I observed Cofield's place of birth is listed as Virginia and "Janico" is listed in the employment field in his 290PC sex offender registry information.

Further review of the Google results also revealed numerous photographs of underage male and females exposing their genitalia, and some of the boys had erect penises. Based on my training and experience, I estimate the boys are between the ages of 12-16 years old and the girls are between the ages of 12-15 years of age.

The Google results also revealed several photographs of Cofield located in the subfolders "Saturday" and "Profile Photos" within the folder "rxxcofield.photos.albums." I positively identified these photos of Cofield as I compared them to his SF mugshot.

On 12/21/17, I author search warrant to AT&T for subscriber records for (415)699-5789. Judge Richard Ulmer, Department 306, of the San Francisco Superior Court, reviewed and signed the search warrant; and I served AT&T the search warrant.

On 12/22/17, I received search warrant results from AT&T which yielded the following subscriber information:

Account Number: **436102550683**
Name: **Ramon Cofield**
User Address: [Redacted]
Contact Home Email: [Redacted]
Service Start Date: **02/08/12**
Account Status: **Active**

On 01/03/18, I authored a search warrant for Google for all account information for [Redacted]@gmail.com. Warrant reviewed and signed by Judge Mary Wiss, Department 305, of the San Francisco Superior Court; and I served Google the search warrant.

On 02/09/18, I received search warrant results from Google for [Redacted]@gmail.com. After review of the Google Drive associated with the above listed email, I discovered the user set up a recovery email of [Redacted]@gmail.com.

On 02/13/18, I authored search warrant for Google for all account information for recovery Gmail account [Redacted]@gmail.com. The warrant was reviewed and signed by Judge Susan Breall, Department 425, San Francisco Superior Court; and I served Google the search warrant.

10

On 02/28/18, I received the search warrant results from Tumblr. I reviewed the results and discovered over 1000 images of child pornography. Some of the images were included underage teens, both males and females, engaged in sex acts with adults and with each other.

On 03/01/18, I received search warrant results from Google for [Redacted]@gmail.com. After review of the Google Drive associated with the above listed email, I discovered the user set up a recovery email of [Redacted]@ymail.com.

On 03/08/18, I authored a search warrant to Yahoo – Oath Holdings for all account information for [Redacted]@ymail.com. The search warrant was signed by Judge Bruce Chan, Department #24, SF Superior Court; and I served the search warrant to Yahoo – Oath Holdings.

As of this date, the results of the Yahoo – Oath Holdings search warrant is pending results.

A review of SFPD Case #031-034-139, the incident for which Cofield was convicted for 288(a)PC, Cofield was arrested and booked on 09/02/2003 for meeting a 14 year old boy at the Aids Memorial Grove in Golden Gate Park. Cofield and the boy engaged in oral copulation, each performing the act on each other, when they were caught in the act by two persons passing through the area.

During this incident, two pages of instant messages from an internet chat between Cofield and Lee were seized from Cofield's bag.

I reviewed the chat and read that the boy declared himself to be 14 to Cofield. Cofield, who utilized the chat handle of **Rxcofield**, stated he was 28 but at the time of this arrest he was actually 44 years old.

On 04/30/2018, Sgt. Holder #1873 conducted surveillance of the premises and took photographs of the exterior of the building as well as the front door of Unit #301.

The residence of [Redacted] is described as multi-unit apartment building located on the north east corner of Mission and 9th Streets in San Francisco. The outside of the building is red brick and consists of three (3) stories. The numbers "[Redacted]" are affixed to a glass surface above the front door of the building. The front door to [Redacted] is located on the 3rd floor of the building. The gold colored numbers "301" are affixed to the left side of the front door of the unit which is maroon in color.

This search will include all rooms, attics, basements and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

11

I request that a search warrant be issued commanding the searches of the persons of:

**Ramon Cofield, DOB: ███████, SF# 592096,**
**Any vehicles registered to Ramon Cofield,**
**Any resident present at the execution of the search warrant;**

and a search of the residence of ████████████████████, **San Francisco, CA** and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon and assigned to residence of ████████ ████ ████, **San Francisco, CA** as well as any vehicle(s) registered to **Ramon Cofield, DOB:** ███████, **SF# 592096**, for the search, seizure, and examination of all evidence of possession of and/or distribution of child pornography, as well as any communication and evidence of child exploitation through child molestation, child pornography, and/or child prostitution, including the following:

All fixed or portable computer systems with the capacity for storing and maintaining data containing images or reproductions depicting nudity and/or sexual activities of juveniles. All computers and computer systems included (but not limited to) mobile/tablet devices, central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy drive and diskettes, tape drives, optical storage devices, and any other device capable of storing data, as well as peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as modems, together with system documentation, operating logs and documentation software and instruction manuals.

Any fixed or portable computer systems which may contain digital records of communications between the suspect(s), and individuals who have similar sexual interests, including but not limited to the contents of internet chats, emails, and their corresponding internet IP addresses. All files which are either titled or un-titled. All electronic messages (e-mails) including IP Addresses (Internet Protocol) that are stored, received or transmitted. All instant messages (IM) that are stored received or transmitted.

All documentations or other material(s), whether printed or handwritten, describing the operation of any computer system(s), computer hardware, software, or computer peripherals found on the premises, including instructions on how to access disks, files, or other material stored within same; including but not limited to computer manuals, printouts, passwords, file name lists, "read me" and "help" files.

All images of Child Pornography whether digital, .jpg, video or any other format including, but not limited to, any common or individual designed program designed to store such data. All images of Child Pornography that have been

12

stored, received, transmitted or downloaded on to internal and external storage devices. All electronic data processing and storage devices. Magazines, books, movies, videotapes, and photographs, or images or reproductions contained on a fixed or portable computer data storage system, depicting nudity and/or sexual activities of juveniles.

Any books, diaries, or other written or visual material describing, depicting or discussing sexual contact between adults and children, as well as collections of newspaper, magazine, and other publication clippings of juveniles which tend to demonstrate a particular sex or age preference of the suspect(s) including entries contained on a fixed or portable computer data storage system; Magazines, newspapers, classified advertisements, and other publications or writings which contain names, addresses, and phone numbers of individuals who have similar sexual interests and which would tend to identify persons, adult and juvenile, who are involved with the suspect(s) including entries contained on a fixed or portable computer data storage system;

Camera equipment and video equipment intended for taking, producing, and reproducing of photographic images, including but not limited to: cameras, instant and otherwise; video production equipment, lenses enlargers, photographic papers, film, chemicals; computer scanners and printers;
Safe deposit keys, bank statements, billings, and checks, tending to show the location and identity of safe deposit boxes and storage facilities or any person involved in the sexual exploitation of children through child molestation, child pornography, and child prostitution, consisting of, but not limited to: file cabinets, mail envelopes, items of mail;

Any and all tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, tape systems and hard drive and other computer related operation equipment. Indicia of occupancy consisting of articles of personal property tending to establish the identity of the person or persons in control of the premises, including, but not limited to: rent receipts, canceled mail, keys, utility bills and photographs.

With respect to any computer devices, electronic devices or any other device capable of storing data, or other such items related to the operation of such devices found during the execution of this search warrant, an on-scene preliminary forensic computer examination of said items will be conducted by trained law enforcement personnel within a reasonable amount of time as to minimize the intrusion of the search.

With respect to any computer devices, electronic devices or any other device capable of storing data, or other such items related to the operation of such devices found during the execution of this search warrant, such are to be removed

13

to the offices of the San Francisco Police Department or other appropriate and secure law enforcement forensic computer examination facility with the necessary equipment to conduct the search safely and efficiently, where the search of the contents, including files, documents, data, data images, software, operating systems, deleted files, system configurations, dates and times, e-mails, and data in unallocated and slack space or otherwise present in any device capable of storing data will be conducted.

Seizure, transfer and search of any computer(s) systems and electronic storage devices above described is authorized per request of **AFFIANT** for purposes of conducting the above described search.

Furthermore, the court authorizes the affiant, or his or her designated agent to release items seized pursuant to this warrant, if no contraband is located within it, to the appropriate individual.

Your Affiant therefore believes that evidence of the commission of felonies and items used in the commission of felonies, to wit: violation of California Penal Code section **311.11(a)-Possession of Child Pornography** will be located where described above.

All of the materials requested for seizure will assist in the identification of children who are being sexually exploited through child molestation, child pornography, and/or child prostitution. The materials may also aid in the identification of other adults who are engaging in the sexual exploitation of children by these means. In addition, these materials will demonstrate the sexual proclivity, inclination, preference, and activities of the person under investigation, providing evidence that will tend to show that the person under investigation has committed a felony, to wit:   Penal Code Section **311.11(a).**

Based upon training and experience, I know that most computer system(s) searches and examinations cannot be completed within ten days. This is due to the complexities involved in computer forensics as well as the caseload of law enforcement personnel trusted with the responsibilities of conducting computer forensic examinations. Moreover, the examination of a single computer can be an extremely lengthy process, taking several weeks, depending on installed software and on the amount of data contained within the system. Accordingly, I am seeking authorization to file the Search Warrant and the Return to Search Warrant, beyond ten days but immediately upon completion of the necessary computer forensic examinations.

**AFFIANT** states and declares that she has consulted with the Office of the District Attorney as a part of this application for this search warrant and was provided the following authority in support of the request that biometric data to unlock electronic devices be compelled because that evidence is not testimonial, and therefore not protected by the Fifth Amendment right against self-

14

incrimination. The Supreme Court has established that, "in order to be testimonial, [a criminal defendant's] communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a 'witness' against himself." Doe v. United States, 487 U.S. 201, 210, 108 S. Ct. 2341, 2347-48 (1988).i By being ordered to produce his fingerprint, a suspect is not required to disclose any knowledge she might have or to speak her guilt. See Doe, 487 U.S. at 211, 108 S. Ct. at 2348. Here, the task the suspects are being asked to perform — to provide his fingerprint—is no more testimonial than furnishing a blood sample, providing handwriting or voice exemplars, standing in a lineup, or wearing particular clothing. See Doe, 487 U.S. at 210, 108 S. Ct. at 2347-48. The provision of biometric evidence is distinguishable from the compelled disclosure of passcodes or decryption of computer drives because those acts require knowledge and mental capacity not required by the collection of a fingerprint.

Affiant further declares she has provided the Court reviewing this affidavit, all known material facts, whether favorable or unfavorable to either side, including all information which may be exculpatory, and that said information is contained herein. I swear the information in this document to be true to the best of my knowledge.

**It is further ordered** in the event that **Ramon Cofield, DOB:** ▓▓▓▓▓▓, **SF# 592096,** and **any resident present at the execution of the search warrant** decides not to voluntarily provide the passcode to any media device that has the capability to be opened/unlocked with a fingerprint, that he/she provide his/her finger, for his/her fingerprint, to utilize the biometric feature to unlock the media device or be forced, with minimal force, to provide his/her finger, for his/her fingerprint, to unlock the media device in order seize the aforementioned evidence sought.

It is known to me that media devices that have a fingerprint unlocking system, that if the media device is not unlocked in a span of several hours, the fingerprint locking system will be disabled, requiring the media device only to be able to be unlocked with a passcode.

All information obtained through the execution of the warrant that is unrelated to the objective of the warrant shall be sealed and not subject to further review, use, or disclosure without a court order.

15

I request that a Search Warrant be issued based upon the aforementioned facts, commanding the search of the person, premise(s) or vehicle(s) designated above for the property or things described, or any part thereof, and that such items or property be brought before this magistrate or retained subject to the order of the court pursuant to Section 1536 of the Penal Code.

_____ #1999
(Signature of the Affiant)

Sworn to as true and subscribed before me

On __1st__ day of __May__ __2018__, at __3:05__ A.M. **P.M.**

_____
Judge of the Superior Court, Dept. __405__ County of San Francisco, State of California

---

[1] The Supreme Court has held that certain acts, though incriminating, are not within the privilege. Thus, a suspect may be compelled to furnish a blood sample; to provide a handwriting exemplar, or a voice exemplar; to stand in a lineup; and to wear particular clothing. *United States v. Dionisio*, 410 U.S. 1, 7, 93 S. Ct. 764, 768 (1973) (voice exemplar); *Gilbert v. California*, 388 U.S. 263, 266-67, 87 S. Ct. 1951, 1953 (1967) (handwriting exemplar); *United States v. Wade*, 388 U.S. 218, 221-22, 87 S. Ct. 1926, 1929 (1967) (lineup); *Schmerber v. California*, 384 U.S. 757, 765, 86 S. Ct. 1826, 1832-33 (1966) (blood sample); *Holt v. United States*, 218 U.S. 245, 252-53, 31 S. Ct. 2, 6 (1910) (clothing)).

16